UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

       - against –                    **MEMORANDUM AND ORDER**
                                        21 Cr. 260 (NRB)
MANUEL ENRIQUE YATES,

          Defendant.

------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is a *pro se* motion filed on August 26, 2024 by defendant Manuel Enrique Yates ("Yates"), seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 117 ("Mot."). For the following reasons, defendant's motion is denied.

## BACKGROUND

    On July 14, 2022, following a four-day trial, a jury found Yates guilty of conspiracy to distribute and possession with intent to distribute approximately 9.94 kilograms of fentanyl, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). See ECF No. 81 at 448:7-450:16. Subsequently, on November 10, 2022, this Court sentenced Yates to a term of imprisonment of 180 months and five years of supervised release. See ECF No. 98. Yates' current projected release date is August 19, 2033. See ECF No. 115 ("Supplemental PSR") at 1.

    At the time of his sentencing, Yates' United States Sentencing Guidelines ("Guidelines") range was 151 to 188 months, based on a

Total Offense Level of 34, a Criminal History Category of I, and a calculation of zero criminal history points. Id. at 3. Although Yates had zero criminal history points, he in fact had three prior criminal convictions, one pending felony charge, and eight prior arrests. Id. at 3, 12-18.

Following amendments to the Guidelines that went into effect on November 1, 2023, the United States Probation Department issued a Supplemental Presentence Report for Yates on December 11, 2023, indicating that he was eligible for a sentence reduction pursuant to Amendment 821. Id. at 3. This amendment, which applies retroactively, provides for a two-level downward adjustment in Total Offense Level for offenders with zero criminal history points who are not subject to any of the ten exclusionary criteria listed in § 4C1.1 of the United States Sentencing Guidelines Manual ("U.S.S.G.").[1]

Presently before the Court is Yates' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that this Court should apply the two-level downward adjustment provided for in Amendment 821. Mot. On September 26, 2024, the Government filed a letter opposing this motion. ECF No. 118 ("Opp.").

---

[1] U.S.S.G. § 4C1.1 lists certain criteria that preclude the application of the two-level downward adjustment. For example, a defendant will not qualify for the adjustment if he was convicted of a sex offense, § 4C1.1(a)(5), or if he "used violence or credible threats of violence" in connection with the offense, § 4C1.1(a)(3).

**DISCUSSION**

Under 18 U.S.C. § 3582(c)(2), this Court may, "after considering the factors set forth in section 3553(a)[,]" reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The statute "establishes a two-step inquiry" that courts must follow when determining whether to reduce a defendant's sentence. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the Court must "determine the prisoner's eligibility for a sentence modification[,]" id. at 827, and "the amended [G]uideline[s] range that would have been applicable to the defendant if the amendment(s) to the [G]uidelines . . . had been in effect at the time the defendant was sentenced," U.S.S.G. § 1B1.10(b)(1). Then, after the Court has determined that a defendant is eligible for a reduction, it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Yates is eligible for a status point recalculation under Amendment 821. Supplemental PSR at 3. After applying the two-level downward adjustment to his Total Offense Level, Yates' revised Total Offense Level would be 32, his Criminal History

Category would remain I, and his revised Guidelines range would be 121 to 151 months.  See id.

However, this is not the end of the Court's inquiry.  The Court must next "consider any applicable § 3553(a) factors" and use its discretion to determine whether a reduction in the defendant's term of imprisonment is warranted under the particular circumstances of the case.  Dillon, 560 U.S. at 827.  The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant[,]" as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . [and] afford adequate deterrence to criminal conduct[.]"  18 U.S.C. § 3553(a).  Given the seriousness of his crime and the Court's concern regarding his criminal history and trial testimony, as well as the need for general deterrence, a reduction in Yates' sentence is not warranted.

First, as the Government notes in its letter opposing Yates' motion, the fact that the defendant has zero criminal history points "significantly understate[s]" his actual criminal history.[2]

---

[2] The Court also notes that defendant misrepresents his criminal history in his moving papers, writing that he "has never had a criminal [h]istory [e]ver in his lifetime[.]" Mot. at 2.  As evidenced by the three prior convictions listed in his PSR, this statement is simply false.  See Supplemental PSR at 14-17.  Because the defendant advanced false narratives at his own trial, as the Court noted at sentencing, ECF No. 101 at 17-19, this additional false statement by Yates provides further evidence to the Court that no reduction in his sentence is warranted.

Opp. at 3. Prior to his arrest for the offense for which he is currently imprisoned, Yates had three prior convictions, namely: (i) a 2003 conviction for conspiracy to distribute marijuana, in which law enforcement seized approximately 377 pounds of marijuana; (ii) a 2009 conviction for failure to appear; and (iii) a 2010 conviction for criminal impersonation. See Supplemental PSR at 6. In addition, at the time this Court sentenced the defendant in November 2022, an indictment had been lodged against him in Tennessee following his arrest with approximately $430,605 vacuum-sealed bundles of cash suspected to have been proceeds from the sale of narcotics. Opp. at 3. In July 2024, Yates pled guilty to money laundering in connection with this arrest and received a six-year suspended probationary sentence. Id. The Court noted these prior violations at the time it imposed Yates' sentence, recognizing that he was "not a first-time offender, though his criminal history category is one." ECF No. 101 at 19:5-6.

In fact, the Court's statements at defendant's sentencing hearing reflect careful consideration of the § 3553(a) factors, rather than a rote application of a sentence within the Guidelines range. The Court specifically stated that Yates' sentence was "not influenced by which guidelines range is applicable[,]" id. at 18:14-15, because "the guidelines calculation is only the beginning of the discussion of an appropriate sentence[,]" id. at

18:22-24.  In addition to noting the defendant's prior and pending criminal convictions, the Court recognized the seriousness of Yates' offense, citing concerns about general deterrence and noting that he had been arrested with approximately 10 kilograms of fentanyl – an amount large enough to "potentially kill 4,970,000 people." Id. at 19:3-20:1.  The Court also raised concerns about Yates' behavior at trial, stating that it appeared that he had advanced false narratives and provided testimony that was not credible.  Id. at 18:16-20.

Nor has the defendant provided any evidence that might convince the Court that he has been rehabilitated during his term of imprisonment.  In fact, as noted above, supra n. 2, the defendant lied once again in his moving papers when he stated that he "has never had a criminal [h]istory [e]ver in his lifetime." Mot. at 2.  This glaringly false statement does nothing to assuage the concerns noted by the Court at sentencing.

Although Yates technically qualifies for a reduction in his sentence pursuant to Amendment 821, the Court is entitled to use its discretion to determine whether a reduction in the defendant's term of imprisonment is warranted.  Here, given Yates' prior and subsequent criminal convictions, as well as the Court's concerns

regarding general deterrence and the serious nature of the offense, it is clear that a reduction in sentence is not warranted.[3]

## CONCLUSION

For the reasons stated above, defendant's motion to reduce his sentence is denied. The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 117.

Dated:   November 22, 2024
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] Yates also seeks the appointment of counsel to assist with his motion for a reduction in sentence pursuant to Amendment 821. See Mot. at 4-5. A defendant has no right to counsel when filing a motion for the reduction of his sentence under 18 U.S.C. § 3582(c)(2). United States v. Marat-Uulu, Case No. 17 Crim. 350 (LAP), 2024 WL 4566115, at *2 (S.D.N.Y. Oct. 24, 2024) (citing United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021)). Rather, the decision regarding whether to appoint counsel is left to the discretion of the district court, which may consider the merits of a defendant's motion as a "significant factor" in its decision-making. Id. (quoting United States v. Reddick, 53 F.3d 462, 465 n.2 (2d Cir. 1995)). Given the discretion afforded to the Court under 18 U.S.C. § 3582(c)(2) and the reasoning set forth in this opinion, defendant's motion for a reduction in sentence is without merit. Accordingly, defendant's request for the appointment of counsel is denied.